D1920941

## CERTIFICATION

| TINA C DAVIDSON ET AL | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| ADVOCATE MINES LTD ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-138861 | |

I, CYNTHIA J. JOHNSTON, CLERK OF COURT, PARISH OF BOSSIER,

STATE OF LOUISIANA, do hereby certify that the following is a true, complete copy of

the entire record in the above entitled and numbered matter consisting of 32 pages.

Given under my hand and seal, on 31st day of May.

CYNTHIA J. JOHNSTON, CLERK OF COURT
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

Deputy Clerk & Ex-Officio Recorder
Bossier Parish, Louisiana

Exhibit A

DIV. B - STINSON

CIVIL DISTRICT COURT FOR THE PARISH OF BOSSIER

FILED AND RECORDED
BOSSIER PARISH, LA

STATE OF LOUISIANA

2012 APR 26  P 12: 05

NO.  138861

SECTION

DIVISION

TINA C. DAVIDSON, KATHRYN D. DAVIDSON, AND KRISTEN M. DAVIDSON,

INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED HUSBAND AND FATHER,

RESPECTIVELY, WILLIAM CLEVE DAVIDSON

VERSUS

ADVOCATE MINES, LTD., ET AL

FILED: _____     _____

DEPUTY CLERK

ORIGINAL PETITION

COME NOW Petitioners TINA C. DAVIDSON, KATHRYN D. DAVIDSON, And KRISTEN M.

DAVIDSON, individually and on behalf of their deceased husband and father, respectively, WILLIAM

CLEVE DAVIDSON, by and through undersigned counsel, and file this petition and respectfully represent as

follows:

PARTIES

1.      Petitioner TINA C. DAVIDSON, is an adult resident citizen of and domiciled in Benton,

Parish of Bossier, State of Louisiana.

2.      Petitioner KATHRYN D. DAVIDSON, is an adult resident citizen of and domiciled in

Shreveport, County of Caddo, State of Louisiana.

3.      Petitioner KRISTEN M. DAVIDSON, is an adult resident citizen of and domiciled in

Shreveport, County of Caddo, State of Louisiana.

4.      Defendants, identified in Exhibit "A" annexed hereto, are either foreign corporations licensed

to do and doing business in the State of Louisiana, foreign corporations not licensed to do business in

Louisiana, or domestic corporations licensed to do and doing business in the State of Louisiana that are liable

unto Petitioners for the claims asserted herein.

5.      As a direct and proximate result of the delictual conduct of the Defendants, Petitioners, TINA

C. DAVIDSON, KATHRYN D. DAVIDSON, and KRISTEN M. DAVIDSON, have lost the love, affection,

society, support, and services of the Decedent and all other damages due and, pursuant to Louisiana Civil Code

Article 2315.2, assert this wrongful death action against the Defendants.

6.      Petitioners Tina C. Davidson, Kathryn D. Davidson, and Kristen M. Davidson are the statutory

survivors of the referenced decedent, and hereby substitute themselves in the decedent's stead and assert this

1

APR 2 6 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

138861

survival action pursuant to Louisiana Civil Code Article 2315.1. Tina C Davidson's marriage certificate and Kristen M. Davidson's birth certificate are attached hereto as Exhibits "B" and "C" respectively. Kathryn D. Davidson's birth certificate will be provided upon receipt by Petitioners' counsel.

## VENUE AND JURISDICTION

7.     Bossier Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Articles 73 and 74, as well as R.S. 13:3203. Decedent William Cleve Davidson resided in Bossier Parish; was the victim of wrongful conduct by the Defendants named herein in Bossier Parish; received treatment for his malignant mesothelioma in Bossier Parish; and died as a result of malignant mesothelioma in Bossier Parish.

8.     More specifically, Bossier Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 74 because wrongful conduct occurred within the Parish and pursuant to Louisiana Code of Civil Procedure Article 73 because each of the Defendants contributed to Decedent WILLIAM CLEVE DAVIDSON's exposure to asbestos and subsequent contraction of malignant mesothelioma and death therefrom. Therefore, each Defendant is solidarily liable to Petitioners with each of its co-defendants.

9.     Louisiana is a proper jurisdiction as the following Defendants are Louisiana business corporations and have listed their primary business office/establishment in Louisiana:

A.     THE J. GRAVES INSULATION COMPANY, INC.,
May be served through its registered agent for service of process: CT Corporation, 5615 Corporate Blvd., #4008, Baton Rouge, LA 70808. This Defendant is being sued as a Contractor Defendant.

B.     THE J. GRAVES INSULATION COMPANY, INC. f/k/a GRAVES-ABER INSULATION COMPANY, INC., May be served through its registered agent for service of process:  CT Corporation, 5615 Corporate Blvd., #4008, Baton Rouge, LA 70808. This Defendant is being sued as a Contractor Defendant.

## BACKGROUND

10.     Decedent WILLIAM CLEVE DAVIDSON was routinely exposed to asbestos and asbestos containing products from approximately 1958 through 1978. As a child and adolescent, Decedent was exposed to asbestos containing roofing products while working as a helper on various jobs performed by his maternal grandfather's business, Atlas Sheetmetal Works out of Bossier City, Louisiana. Decedent was further exposed to asbestos and asbestos containing products while working for Hutches-Davidson Roofing and Universal Heating and Air out of Shreveport, Louisiana where he was a roofer and sheet metal worker. Decedent performed roofing and sheet metal work, as well as work on HVAC units and duct systems, throughout the state of Louisiana. Decedent recalls working at a variety of industrial and commercial facilities including but not limited to the following sites:  Atlas Refinery; Louisiana Tech; multiple South Central Bell remote facilities; First National Bank; American Bank; Hibernia Bank. Finally, Decedent received bystander exposure to asbestos-containing insulation while employed by Poulan Chainsaw from approximately 1972 to 1978. While Decedent WILLIAM CLEVE DAVIDSON used, handled, and/or was in the vicinity of others using or

handling asbestos or asbestos-containing products at these sites, dangerously high levels of asbestos fibers escaped into the ambient air of the work place, resulting in Decedent breathing those fibers.

11.     Before and during Decedent WILLIAM CLEVE DAVIDSON's exposure period, each of the Defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, removed, supplied and/or sold asbestos or asbestos containing products to Decedent's work sites, thereby exposing Decedent to the fibrous, incombustible, chemical-resistant substance commonly called "asbestos."

12.     When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

13.     Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Decedent, of the health hazards inherent in the asbestos-containing products they were selling and/or using.  Instead of warning Decedent WILLIAM CLEVE DAVIDSON and the general public about these dangers, the Defendants ignored or actively concealed such information, or condoned such concealment, in order to use asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.

14.     In the course of performing the aforementioned duties, Decedent WILLIAM CLEVE DAVIDSON was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

15.     As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described, Decedent WILLIAM CLEVE DAVIDSON contracted malignant mesothelioma, an incurable and terminal cancer caused by asbestos exposure, and suffered physically, financially, mentally and emotionally as direct result of that condition.  Decedent WILLIAM CLEVE DAVIDSON's malignant mesothelioma was diagnosed on or about March 25, 2010.

16.     Decedent originally filed suit in Orleans Parish based upon this diagnosis on May 10, 2010. On April 29, 2011 this case was removed to federal court and ultimately transferred to the Asbestos MDL court in the Eastern District of Pennsylvania on May 4, 2011.  The Eastern case was remanded to the United States District Court of Louisiana on December 7, 2011.

17.     WILLIAM CLEVE DAVIDSON untimely died as a result of his malignant mesothelioma on October 30, 2011.  His death was a direct and proximate result of his exposure to dust and fibers from the asbestos and/or asbestos-containing products of Defendants.   A copy of Mr. Davidson's death certificate is attached hereto and marked as Exhibit "D".

1138861

## COUNT ONE
### STRICT LIABILITY, PRODUCT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST MANUFACTURING DEFENDANTS

18.     Petitioners allege that Decedent WILLIAM CLEVE DAVIDSON was exposed to asbestos fibers emanating from asbestos and asbestos-containing products.  Each Defendant corporation or its predecessor-in-interest is, or at times material hereto, has been engaged in the mining, processing, manufacturing, sale, design, installation, removal and/or distribution of asbestos or asbestos-containing products.  As set forth above, Decedent WILLIAM CLEVE DAVIDSON suffered injuries proximately caused by his exposure to Defendants' asbestos and asbestos-containing products.  In that each exposure to such products caused or contributed to Decedent WILLIAM CLEVE DAVIDSON's injuries, Petitioners assert that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

19.     Specifically, Petitioners would show that Defendants' asbestos and asbestos-containing products and or machinery were unreasonably dangerous per se; defective in composition or construction; defective in design; and lacking suitable warnings, and that the asbestos and asbestos-containing products and machinery were in this defective condition at the time they were designed by or left the hands of Defendants. Therefore, Defendants are liable to Petitioners in product liability including, but not limited to, strict liability as that doctrine is set forth in *Halphen v. Johns-Manville Sales Corporation, and Article 2317.*

20.     Further, Petitioners would show generally that:

  a)  Defendants are or were engaged in the business of selling, manufacturing, producing or designing asbestos, asbestos-containing products and these products were a proximate and producing cause of the injuries of Decedent WILLIAM CLEVE DAVIDSON without substantial change in the condition in which they were sold, manufactured, produced, designed and otherwise put into the stream of commerce.

  b)  Defendants knew that the asbestos and asbestos-containing products would be used without inspection for defects and represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products.

  c)  Decedent WILLIAM CLEVE DAVIDSON was unaware of the hazards and defects in the asbestos and asbestos-containing products of the Defendants, which made them unsafe for foreseeable use and misuse.

  d)  During the periods that Decedent WILLIAM CLEVE DAVIDSON was exposed to the asbestos and asbestos-containing products of the Defendants, these asbestos-containing products were being utilized in a manner, which was intended by Defendants.

21.     The illness and disabilities of Decedent WILLIAM CLEVE DAVIDSON are also a direct and proximate result of the negligence and/or willful and reckless misconduct of each Defendant and its predecessor-in-interest in that said entities produced, designed, sold, and otherwise put into the stream of commerce asbestos and asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care should have known, were deleterious and highly harmful to Decedent WILLIAM CLEVE DAVIDSON's health and well-being.  Defendants created hazardous and deadly conditions, which caused Decedent WILLIAM CLEVE DAVIDSON to be exposed to a large amount of asbestos fibers. The Defendants

4

1738861

were negligent in one, some, or all of the following respects, among others, same being the proximate cause of

Decedent WILLIAM CLEVE DAVIDSON's illness and disabilities:

a) in failing to timely and adequately warn Decedent WILLIAM CLEVE DAVIDSON of the dangerous characteristics and serious health hazards associated with exposure to asbestos and asbestos-containing products;

b) in failing to provide Decedent WILLIAM CLEVE DAVIDSON with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Decedent WILLIAM CLEVE DAVIDSON from being harmed and disabled by exposure to asbestos and asbestos-containing products;

c) in failing to place timely and adequate warnings on the containers of said asbestos and asbestos-containing products, or on the asbestos-containing products themselves, to warn of the dangers to health of coming into contact with said asbestos and asbestos-containing products;

d) in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and safe method of handling and installing asbestos and asbestos-containing products;

e) in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products;

f) in failing to properly design and manufacture asbestos and asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

g) in failing to properly test said asbestos and asbestos-containing products and machinery before they were released for consumer use, and

h) in failing to recall or remove from the stream of commerce said asbestos and asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products and machinery.

## COUNT TWO
### STRICT LIABILITY, PRODUCT LIABILITY, AND NEGLIGENCE ALLEGATIONS AGAINST SUPPLIER DEFENDANTS

22.     All of the allegations contained in the previous paragraphs are realleged.

23.     For all pertinent times, Supplier Defendant sold, distributed, and supplied asbestos and

asbestos-containing products, which Decedent WILLIAM CLEVE DAVIDSON came in contact with and

utilized, thereby proximately causing his injuries, illnesses, and death.  Defendant is liable to Petitioners under

the principles of negligence, product liability, and strict liability as that theory of liability is defined in *Halphen*

*v. Johns-Manville Sales Corporation, and Article 2317*.  Supplier Defendant is a manufacture, miner, shipper

and supplier of asbestos and asbestos-containing products to various locations.  Defendant is liable to

Petitioners for its failure to warn Decedent WILLIAM CLEVE DAVIDSON of the health hazards of exposure

to asbestos; for the hazardous construction and composition of its products, and for its failure to design and

package its products as to adequately protect and warn users of the dangers of exposure to asbestos and for

failing to cease sale and remove such products from the stream of commerce.

24.     Supplier Defendant is liable to Petitioners as professional vendors of asbestos and asbestos-

containing products and because of the Defendant's size, volume of business and merchandising practices,

knew or should have known of the defects of the asbestos and asbestos products they sold.

5

П 3 8 8 6 1

25.     Further, Supplier Defendant made misrepresentations regarding the safety of asbestos and asbestos-containing products to its customers, thereby fraudulently inducing individuals to use Supplier Defendant's asbestos and asbestos-containing products without adequate warning of the dangers of asbestos. As such, Supplier Defendant is also liable to the Petitioners for Decedent WILLIAM CLEVE DAVIDSON's injuries and death caused by exposure to the Supplier Defendant's asbestos and asbestos-containing products because Supplier Defendant's fraudulent misrepresentations were detrimentally relied upon (1) by Defendant's customers including but not limited to, asbestos-product manufacturers incorporating Supplier Defendant's raw asbestos into their finished product and (2) by Decedent WILLIAM CLEVE DAVIDSON who was exposed to the asbestos and asbestos-containing products.

**COUNT THREE**
**ALLEGATIONS AGAINST CONTRACTOR DEFENDANTS**

26.     All of the allegations contained in the previous paragraphs are realleged.

27.     The injuries of Decedent and Petitioners are a direct and proximate result of the negligence of each Supplier Defendant or its predecessor-in-interest in that said entities produced, designed, sold, installed, removed or otherwise put into the stream of commerce, asbestos, and asbestos-containing products which the Defendants knew, or in the exercise of ordinary care should have known were deleterious and highly harmful to Decedent's health and well-being.  These Contractor Defendants created hazardous and deadly conditions to which Petitioner was exposed and which caused him to be exposed to a large amount of asbestos fibers. Specifically, Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Petitioners' injuries:

(a)     in failing to timely and adequately warn Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos and asbestos-containing products;

(b)     in failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Decedent from being harmed and disabled by exposure to asbestos, and asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the asbestos products and containers of said products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan or safe method of handling, installing, and removing asbestos and asbestos-containing products;

(e)     in failing to utilize a substitute material and design to eliminate asbestos fibers in the asbestos-containing products;

1 3 8 8 6 1

(f)     in failing to properly test said asbestos-containing products before they were handled, installed, and removed; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

<u>COUNT FOUR</u>
<u>STRICT LIABILITY, PRODUCT LIABILITY, AND NEGLIGENCE ALLEGATIONS</u>
<u>AGAINST ALL DEFENDANTS</u>

28.     All of the allegations contained in the previous paragraphs are realleged.

29.     The asbestos products mined, manufactured, sold, distributed, supplied, installed, removed and/or used by the defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Decedent WILLIAM CLEVE DAVIDSON who was an intended and a foreseeable user and bystander who was exposed to these products.  To the extent these defects are not already addressed, these defects include the following:

(a)     mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous or unreasonably dangerous per se;

(b)     mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to Decedent WILLIAM CLEVE DAVIDSON who would be foreseeably exposed to them in his respective trade;

(c)     lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use and misuse;

(d)     lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

(e)     failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

(f)     failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

(g)     failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

(h)     failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

(i)     defects in the composition and construction of these products;

(j)     failure to recall these products mined, manufactured, sold, distributed and/or supplied;

(k)     failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

(l)     overwarranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants, and

(m)     are liable to Petitioners in strict liability for things in their garde, possession, custody or control, pursuant to Article 2317 of the Louisiana Code that have caused harm to Decedent WILLIAM CLEVE DAVIDSON.

38861

30.    The defective conditions of Defendants' products and fault, as noted above, are a proximate cause of Decedent WILLIAM CLEVE DAVIDSON's injuries complained of herein.

## COUNT FIVE
## CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

31.    All of the allegations contained in the previous paragraphs are re-alleged herein.

32.    Petitioners further allege that Defendants, or their predecessors-in-interest, knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Decedent WILLIAM CLEVE DAVIDSON's injuries by exposing him to harmful and dangerous asbestos and asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent WILLIAM CLEVE DAVIDSON of the opportunity of informed free choice as to whether to use said asbestos and asbestos-containing products. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos and asbestos-containing products.

33.    In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)    for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products was unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)    despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)    withheld, concealed, and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma, and other illnesses and diseases from Decedent WILLIAM CLEVE DAVIDSON who was using and being exposed to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products;

(2)    caused to be released, published and disseminated medical and scientific data, literature, and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma, and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated, and misleading; and

(3)    distorted the results of medical examinations conducted upon Decedent's father and Decedent WILLIAM CLEVE DAVIDSON as well as workers and family members such as Decedent's father who were using and/or exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos and being exposed to the inhalation of asbestos dust and fibers by falsely stating or concealing the nature and extent of the harm to which those individuals have suffered.

(c)    Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies (hereinafter called the "conspirators"), include, but are not limited to, member companies in the Quebec Asbestos Mining Association, the Asbestos Textile Institute, and the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed

038861

information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems;

(d)   In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Decedent WILLIAM CLEVE DAVIDSON from contracting asbestos disease or cancer;

(e)   In furtherance of said conspiracies, Defendants and their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Decedant's father or Decedent WILLIAM CLEVE DAVIDSON even if complied with, and

(f)   As the direct and proximate result of the false and fraudulent representations, omissions, and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Decedent WILLIAM CLEVE DAVIDSON to rely upon said false and fraudulent representations, omissions, and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and machinery requiring or calling for the use of asbestos and or products which caused the release of respirable asbestos fibers.

34.   Decedent WILLIAM CLEVE DAVIDSON reasonably and in good faith relied upon the false and fraudulent representations, omissions, and concealments made by the Defendants regarding the nature of their asbestos and asbestos-containing products.

35.   As a direct and proximate result of Decedent WILLIAM CLEVE DAVIDSON's reliance on Defendants' false and fraudulent representations, omissions, and concealments, Decedent WILLIAM CLEVE DAVIDSON sustained damages including injuries, illnesses, disabilities, and death and was deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos and asbestos-containing products.

## COUNT SIX
## DAMAGES

36.   The conduct of Defendants, and their concurrent and indivisible fault resulting in their solidary liability as described and alleged above, was a direct and proximate cause of the damages resulting from the asbestos-related lung disease and death of Decedent WILLIAM CLEVE DAVIDSON, and of the following general and special damages including:

(a)  The conscious physical pain, suffering and mental anguish sustained by Decedent WILLIAM CLEVE DAVIDSON;

(b)  The physical impairment suffered by Decedent WILLIAM CLEVE DAVIDSON;

(c)  The disfigurement suffered by Decedent WILLIAM CLEVE DAVIDSON;

(d)  Reasonable and necessary medical expenses incurred by Decedent WILLIAM CLEVE DAVIDSON;

(e)  Decedent WILLIAM CLEVE DAVIDSON's lost earnings and net accumulations;

(f)  Past and future loss of the companionship and society, care, maintenance services, support, advice, counsel and consortium which Petitioners would have received from the Decedent;

9

138861

(g)  The past and future mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;

(h)  The past and future pecuniary loss and loss of inheritance suffered by Decedent's heirs as a consequence of the death of Decedent; and

(i)  Any and all recoverable survival and wrongful death damages on behalf of Decedent.

37.    Decedent filed his original suit within one (1) year of the date of discovering his asbestos-related conditions or the existence of any asbestos-related causes of action.  This action was filed within one (1) year of Decedent's death.

WHEREFORE, Petitioners demand judgment against the Defendants, jointly and severally for the aforementioned damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Petitioners may show themselves justly entitled.

### JURY DEMAND

Petitioners demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

WATERS & KRAUS, LLP

SUSANNAH CHESTER-SCHINDLER, Bar No. 33523
3219 McKinney Avenue
Dallas, Texas 75204
Telephone:  (214) 357-6244
Facsimile:  (214) 357-7252
schester@waterskraus.com

and

LANDRY & SWARR, L.L.C.
FRANK J. SWARR, Bar No. 23322
MICKEY P. LANDRY, Bar No. 22817
DAVID R. CANNELLA, Bar No. 26231
PHILIP HOFFMAN, Bar No. 32277
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone:  (504) 299-1214
Facsimile:   (504) 299-1215
lslaw@landryswarr.com

ATTORNEYS FOR PETITIONERS

10

(738861

EXHIBIT "A"

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S ORIGINAL PETITION FOR DAMAGES:

1.  **THE J. GRAVES INSULATION COMPANY, INC.,**
    May be served through its registered agent for service of process: CT Corporation, 5615 Corporate Blvd., #4008, Baton Rouge, LA 70808.  This Defendant is being sued as a Contractor Defendant.

2.  **THE J. GRAVES INSULATION COMPANY, INC. f/k/a GRAVES-ABER INSULATION COMPANY, INC.,** May be served through its registered agent for service of process:   CT Corporation, 5615 Corporate Blvd., #4008, Baton Rouge, LA 70808. This Defendant is being sued as a Contractor Defendant.

3.  **TAYLOR SEIDENBACH, INC. f/k/a TAYLOR- SEIDENBACH, INCORPORATED,**
    May be served through its registered agent for service of process:  Robert I. Shepard, 731 South Scott St., New Orleans, LA 70119.  This Defendant is being sued as a Contractor Defendant.

4.  **BEAZER EAST, INC. f/k/a KOPPERS COMPANY, INC.**
    A Delaware corporation with its principal place of business in the state of New Jersey, and may be served **through the Louisiana Long Arm Statute pursuant Article 1261(3) to-wit:** Corporation Service Corporation, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. This Defendant is being sued as a Manufacturer Defendant.

5.  **CERTAINTEED CORPORATION**
    May be served through its registered agent for service of process: CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA, 70808.  This defendant has been sued as a Manufacturer Defendant.

6.  **GEORGIA-PACIFIC LLC (sued individually and as successor-in-interest to BESTWALL GYPSUM COMPANY)**
    May be served through its registered agent for service of process: CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA. 70808.  This defendant has been sued as a Manufacturer Defendant.

7.  **UNION CARBIDE CORPORATION**
    May be served through its registered agent for service of process: CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA, 70808.  This Defendant is being sued as a Supplier Defendant.

11

138861

Exhibit "B"

## STATE OF LOUISIANA
## CERTIFICATE OF MARRIAGE

LICENSE NO. 47395

STATE FILE NO. 117

| | | |
|---|---|---|
| **GROOM** | 1A. LAST NAME OF GROOM: DAVIDSON | 1B. FIRST NAME: WILLIAM |
| | | 1C. SECOND NAME: CLEVE |
| | 2. USUAL RESIDENCE - CITY, TOWN, OR LOCATION: BENTON | 2A. IS RESIDENCE INSIDE CITY LIMITS? YES [ ] NO [ ] N |
| | | 4. PARISH/COUNTY: BOSSIER | 5. STATE: LOUISIANA |
| | 6. RACE: WHITE | 7. DATE OF BIRTH (Month-Day-Year): 03/15/1949 | 3. STATE OF BIRTH (if not in U.S.A., Name Country): LOUISIANA |
| | 9. FATHER - NAME: W.E. DAVIDSON | 10. STATE OF BIRTH (if not in U.S.A., Name Country): LOUISIANA | 11. MOTHER - MAIDEN NAME: BETTY GIBBS | 12. STATE OF BIRTH (if not in U.S.A., Name Country): LOUISIANA |

| | | |
|---|---|---|
| **BRIDE** | 13A. LAST NAME OF BRIDE: GRISHAM | 13B. FIRST NAME: TINA |
| | | 13C. SECOND NAME: MARIE |
| | | 13D. MAIDEN NAME (if different): CASSEL |
| | 14. USUAL RESIDENCE - CITY, TOWN, OR LOCATION: BENTON | 15. IS RESIDENCE INSIDE CITY LIMITS? YES [ ] NO [ ] N | 16. PARISH/COUNTY: BOSSIER | 17. STATE: LOUISIANA |
| | 18. RACE: WHITE | 19. DATE OF BIRTH (Month-Day-Year): 05/03/1962 | 20. STATE OF BIRTH (if not in U.S.A., Name Country): ARKANSAS |
| | 21. FATHER - NAME: FRANKIE D. CASSEL | 22. STATE OF BIRTH (if not in U.S.A., Name Country): LOUISIANA | 23. MOTHER - MAIDEN NAME: ERA GAINES | 24. STATE OF BIRTH (if not in U.S.A., Name Country): ARKANSAS |

**COVENANT MARRIAGES**

24A. Covenant Marriage: yes [ ] no [X] (If yes, complete the following statement.)

We, _____ and _____ do hereby declare our intent to contract a Covenant Marriage, and accordingly, have executed a declaration of intent attached hereto.

**SIGNATURE**

I/WE HEREBY CERTIFY THAT THE INFORMATION PROVIDED IS CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF AND THAT WE ARE FREE TO MARRY UNDER THE LAWS OF THIS STATE.

25. GROOM'S SIGNATURE: *William Cleve Davidson*

26. BRIDE'S SIGNATURE: _____

This License Authorizes the Marriage in This State of the Parties Named Above By Any Person Duly Authorized to Perform a Marriage Ceremony Under the Laws of the State of Louisiana.

27. EXPIRATION DATE (Month, Day, Year and Time): MAY 11, 2000  2:37 PM

**LICENSE TO MARRY**

28. SUBSCRIBED TO AND SWORN TO BEFORE ME ON (Month, Day, Year): By: APR 11, 2000

29. SIGNATURE OF ISSUING OFFICIAL: *Aaron H. Crouch*

30. TITLE OF ISSUING OFFICIAL: DEPUTY CLERK

31. PARISH: BOSSIER

32. CITY OR TOWN: BENTON

33. TIME OF ISSUE: APR 11, 2000  2:37 PM

**CEREMONY**

34. I CERTIFY THAT THE ABOVE NAMED PERSONS WERE MARRIED ON (Month, Day, Year): April 29, 2000

35. WHERE MARRIED - CITY, TOWN, OR LOCATION: Shreveport LA

36. PARISH: Caddo

37. SIGNATURE OF PERSON PERFORMING CEREMONY: _____

38. NAME (Type/Print): Rob Weber

39. TITLE: Pastor

40. ADDRESS OF PERSON PERFORMING CEREMONY (Street and Number or Rural Route Number, City or Town, State, Zip Code): 9400 Ellerbe Rd Shreveport LA 71105

41A. GROOM'S SIGNATURE: *Cleve Davidson*

41B. BRIDE'S SIGNATURE: *Tina Cassel Grisham*

42A. SIGNATURE OF WITNESS TO CEREMONY: *William E. Davidson*

42B. SIGNATURE OF WITNESS TO CEREMONY: *Curtis Quint*

**RECORDING OFFICIAL**

43. SIGNATURE OF LOCAL RECORDING OFFICIAL: *Jan L. Carraway*

44. DATE FILED (Month, Day, Year): May 1, 2000

060438

| | NO. OF THIS MARRIAGE | IF PREVIOUSLY MARRIED | DATE | | EDUCATION - CIRCLE HIGHEST GRADE COMPLETED | | |
|---|---|---|---|---|---|---|---|
| | | Last Marriage Ended by - Death, Divorce, or Annulment (Specify) | Month | Year | Elementary | High School | College |
| **GROOM** | 1st, 2nd, etc. (Specify): 03 | DIVORCE | 2 | 2000 | 0, 1, 2, 3, 4, ... or 8 | 1, 2, 3, or 4 | 1, 2, 3, 4, or 5 |
| | NO. OF THIS MARRIAGE | IF PREVIOUSLY MARRIED | Month | Year | Elementary | High School | College |
| **BRIDE** | 1st, 2nd, etc. (Specify): 02 | DIVORCE | 9 | 1996 | 0, 1, 2, 3, 4, ... or 8 | 1, 2, 3, or 4 | 1, 2, 3, 4, or 5 |

Consanguineous or Adoptive Relationship: NONE

| | Groom's Social Security Number | Bride's Social Security Number |
|---|---|---|
| **SSNS** | 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 | 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 |

Exhibit "C"

138861

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR BIRTH ONLY

1282267

STATE OF LOUISIANA
### CERTIFICATE OF LIVE BIRTH

82  00  315

BIRTH NO. 119

| 1A CHILD'S LAST NAME | 1B FIRST NAME | 1C SECOND NAME | | 1A DATE OF BIRTH |
|---|---|---|---|---|
| Davidson | Kristen | Michelle | | January 3, 1982 |

| HOUR OF BIRTH | SEX | THIS BIRTH | PLACE OF BIRTH |
|---|---|---|---|
| 1:28 P | Girl | SINGLE X | Shreveport |

NAME OF HOSPITAL OR INSTITUTION: Schumpert Medical Center

USUAL RESIDENCE OF MOTHER: Shreveport

Caddo

RESIDENCE ADDRESS: 6329 Westwood Road

Caddo        Louisiana

| FATHER'S LAST NAME | FIRST NAME | SECOND NAME |
|---|---|---|
| Davidson | William | Clave |

MOTHER'S MAIDEN NAME: Dooley — Patricia Jo

Shreveport, Louisiana

Shreveport, Louisiana

32

27

I certify that the above named child was born alive and correct to the best of my knowledge.

*Patricia Dooley Davidson*

January 5, 1982

Mother

ADDRESS OF PARENT OR OTHER INFORMANT: 6329 Westwood Road Shreveport, Louisiana 71129

865 Olive St. Sept.

January 5, 1982

JAN 14 1982

SIGNATURE OF LOCAL REGISTRAR: *R. L. Mann McCauley, Dep.*

JAN 15 1982

JAN 14 1997



I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA — R.S. 40:32, ET SEQ.

*William H Barlow*

STATE REGISTRAR

Exhibit "D"

1738861

# STATE OF LOUISIANA

1180504

THIS RECORD IS VALID FOR DEATH ONLY

IMPORTANT:  1473078   STATE OF LOUISIANA
PRINT or TYPE, use ink   **CERTIFICATE OF DEATH**
or color mandatory

FILE No. 117__

| BIRTH No. | | | |
|---|---|---|---|
| LAST NAME OF DECEDENT: DAVIDSON | FIRST NAME: WILLIAM | MIDDLE NAME: CLEVE | DATE OF DEATH: October 30, 2011 |
| HOUR OF DEATH: 4:40 PM | SEX: MALE | RACE: WHITE | MARITAL STATUS: MARRIED | SURVIVING SPOUSE: TINA CASSEL |
| DATE OF BIRTH: MARCH 15, 1949 | AGE | PLACE OF DEATH: BOSSIER CITY, LOUISIANA |
| | | KIND OF BUSINESS: ROOFING | | OWNER |
| | SOCIAL SECURITY NUMBER: 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 | | |

| PLACE OF DEATH | HOSPITAL | | | NON-HOSPITAL: 315 Kingston Road |
| CITY, TOWN OF LOCATION OF DEATH: Benton | | PARISH: Bossier |
| STREET ADDRESS: 315 KINGSTON ROAD | PARISH OF RESIDENCE: BOSSIER | STATE: LOUISIANA |
| CITY: BENTON | ZIP CODE: 71006 | |
| RESIDENCE | | | |

| PARENTS | FATHER'S NAME: DAVIDSON, JR. WILLIAM EDGAR | BIRTHPLACE: SHREVEPORT, LOUISIANA |
| | MOTHER'S NAME: GIBBS, BETTY LOUISE | BIRTHPLACE: SHREVEPORT, LOUISIANA |

| INFORMANT | NAME: TINA DAVIDSON | ADDRESS: KINGSTON ROAD BENTON LA 71006 | DATE: 10-31-11 |

| DISPOSITION | BURIAL ☒ | CREMATION | REMOVAL | OTHER | DATE: 11-5-11 | ROSE-NEATH FUNERAL HOME SHREVEPORT LA | LICENSE NUMBER: R-1736 |
| NAME AND ADDRESS OF FUNERAL FACILITY: ROSE-NEATH FUNERAL HOME 2201 AIRLINE DR BOSSIER CITY LA 7111_ | | |

| 0595657 | CADDO | 11-1-11 | |

| ☒ NATURAL | ACCIDENT | SUICIDE | HOMICIDE | PENDING INVESTIGATION | UNDETERMINED |

| CERTIFIER | Coroner John M. Chandler, M.D., Coroner | 3022 Old Minden Rd #209 Bossier City, __ | 11-9-11 71112 |

| CAUSE OF DEATH | Malignant mesothelioma of the lung | |

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

NOV 17 2011

IN ACCORDANCE WITH LSA-R.S. 40:50
(C), I CERTIFY THAT THE ABOVE IS
A TRUE AND CORRECT COPY OF A
DEATH CERTIFICATE IN MY CUSTODY.

LOCAL REGISTRAR

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S.40:32, ET SEQ.

STATE REGISTRAR

**waters** ~~KRAUS~~

DIV. B – STINSON

April 25, 2012

PARTNERS

C. Andrew Waters *KA, MS, MO, TN*
Peter A. Kraus *CA, VA*
Charles S. Siegel *TN*
Troyce SL Wolf *MT, TN*
Michael L. Armitage *CA, LA*
B. Scott Knuba *TN*
Leslie C. MacLean *TN*
Charles E. Valles *LA, TN, TX*
Paul C. Cook *VM*
Gary M. Paul *VM*
Michelle Whitman *TN*
Kyla Gail Cole *TN*
John E. Jarashby *CA, SD*
Michael B. Gurian *SM*
Scott L. Frost *CA, OA, IN, MX, TX*
Greg W. Liberoty *MM*
Loren Jacobson *MM, TN*

ASSOCIATES
Joy Sparling *CU*
Kevin M. Loew *SM*
Julie L. Odom *CM*
Dimitri N. Nichols *CM*
Demetrios T. Zacharopoulos *MXN*
Sussaman S. Chrlster *TN*
Jillian Rice-Loew *SM*
Cindy Young *CM*
Melanie J. Garric *CM, MS, MA, TM*
Sibba C. Henderson *TX*
Tae Kim *MM*
Diane E. Waters *TN*
Lauren Halbert *SM*
Katherine N. Williams *CA, TX*
Mark Linder *CA, TX*
Sarwisheh Saifjilani *MM*
Jennifer L. McIntosh *SM*
Andrew Seitz *SM*
Elizabeth A. Davis *SM*
Peter Kraushar *SM*

OF COUNSEL
William Esterson *LA, TX*
Randall L. Iola *LA, MO*
George G. Tankard III *MT, MA, MS, MA, TN*
Jonathan A. Gronle *CA, TX*
Wm. Paul Lawrence II *WA, TN, WW*
David Brooker *MM*

VIA FED EX

,138861

Bossier Parish Clerk of Court
204 Burt Blvd., Third Floor
Benton, LA 71006

    Re:    *Tina C. Davidson, et al vs. Advocate Mines, LTD, et al;*
          In the Civil District Court, Bossier Parish, Louisiana

Dear Clerk of the Court:

    Enclosed please find an original and sixteen (10) copies of Plaintiff's Original Petition for Damages and Jury Demand to be filed with the court in the above-referenced matter.  Please file stamp the extra copies of the Petition and return to me along with the long-arm citations in the Express Mail envelope have provided. I understand that your office will expedite service of the remaining citations.  I am also enclosing our firm's check in the amount of $825.00 for payment of the filing fees and fees for issuance of citations for the defendants as described in Exhibit "A".

    Please prepare citations to be served on the following Defendants:

1.    **THE J. GRAVES INSULATION COMPANY, INC.,**
    May be served through its registered agent for service of process: CT Corporation, 5615 Corporate Blvd., #4008, Baton Rouge, LA 70808.

2.    **THE J. GRAVES INSULATION COMPANY, INC. f/k/a GRAVES-ABER INSULATION COMPANY, INC.,** May be served through its registered agent for service of process:  CT Corporation, 5615 Corporate Blvd., #4008, Baton Rouge, LA 70808.

3.    **TAYLOR SEIDENBACH, INC. f/k/a TAYLOR- SEIDENBACH, INCORPORATED,**  May be served through its registered agent for service of process: Robert I. Shepard, 731 South Scott St., New Orleans, LA 70119.

4.    **BEAZER EAST, INC. f/k/a KOPPERS COMPANY, INC.**
    A Delaware corporation with its principal place of business in the state of New Jersey, and may be served **through the Louisiana Long Arm Statute pursuant Article 1261(3) to-wit:** Corporation Service Corporation, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

F I L E D

APR 2 6 2012

~~Kim Whillington~~
DEPUTY CLERK
28TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

WATERS & KRAUS, LLP ATTORNEYS AND COUNSELORS

DALLAS: 3219 McKINNEY AVENUE   DALLAS, TEXAS 75204   TEL 214 357 6244   FAX 214 357 7252
BALTIMORE: 315 NORTH CHARLES STREET   BALTIMORE, MARYLAND 21201   TEL 410 528 1153   FAX 410 528 1006
SAN FRANCISCO: 711 VAN NESS AVENUE   SUITE 220   SAN FRANCISCO, CALIFORNIA 94102   TEL 800 226 9880   FAX 214 777 0470
LOS ANGELES: 222 NORTH SEPULVEDA BOULEVARD   SUITE 1900   EL SEGUNDO, CALIFORNIA 90245   TEL 310 414 8146   FAX 310 414 8156

038861

5.   **CERTAINTEED CORPORATION**
     May be served through its registered agent for service of process: CT
     Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA,
     70808.

6.   **GEORGIA-PACIFIC LLC (sued individually and as successor-in-
     interest to BESTWALL GYPSUM COMPANY)**
     May be served through its registered agent for service of process: CT
     Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA,
     70808.

7.   **UNION CARBIDE CORPORATION**
     May be served through its registered agent for service of process: CT
     Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA,
     70808.


     If you have any questions please do not hesitate to contact me at 1-800-226-
9880 ext 2278 or email: drodriguez@waterskraus.com. Thank you in advance for
your prompt assistance in this matter.

                                   Sincerely,

                                   Leticia Castillo
                                   Intake Paralegal


SCS/lc

Enclosures: as stated



D1889914

# CITATION

| TINA C DAVIDSON ET AL | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| ADVOCATE MINES LTD ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-138861 | |

TO:   UNION CARBIDE CORPORATION
      THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CT
      CORPORATION SYSTEM
      5615 CORPORATE BLVD., SUITE 400B
      BATON ROUGE,  LA
      70808

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within fifteen (15) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued.  You ( as defendant ) will have fifteen (15) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton,  Louisiana, or retain an attorney of your choice to act in your behalf.  If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

Witness the Honorable Judges of our said Court on this the 26th day of April, 2012

CYNTHIA J. JOHNSTON, CLERK OF COURT

Deputy Clerk
Bossier Parish, Louisiana

Attorney:
Waters & Kraus, LLP
Landry & Swarr, LLC

---

## SERVICE INFORMATION

| UNSERVED | |
|---|---|
| PERSONAL | |
| DOMICILIARY | GIVEN TO |
| DATE | |
| REMARKS | |

FILED

MAY - 8 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

DEPUTY SHERIFF



D1889922

# CITATION

| TINA C DAVIDSON ET AL | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| ADVOCATE MINES LTD ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-138861 | |

TO:   THE J. GRAVES INSULATION COMPANY, INC. F/K/A GRAVES-ABER INSULATION
COMPANY, INC.
THROUGH CT CORPORATION
5615 CORPORATE BLVD., #4008
BATON ROUGE, LA
70808

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued. You ( as defendant ) will have fifteen (15) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton, Louisiana, or retain an attorney of your choice to act in your behalf. If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

Witness the Honorable Judges of our said Court on this the 26th day of April, 2012

MAY 0 2 2012                                    CYNTHIA J. JOHNSTON, CLERK OF COURT

Deputy Clerk
Bossier Parish, Louisiana

Attorney:
Waters & Kraus, LLP
Landry & Swarr, LLC

---

## SERVICE INFORMATION

UNSERVED        _____
PERSONAL        _____
DOMICILIARY     _____        GIVEN TO _____

DATE            _____
REMARKS         _____

FILED

MAY - 8 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

_____
DEPUTY SHERIFF

D1889898

# CITATION

| TINA C DAVIDSON ET AL | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| ADVOCATE MINES LTD ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-138861 | |

TO:   J GRAVES INSULATION COMPANY INC
      THROUGH CT CORPORATION
      5615 CORPORATE BLVD #4008
      BATON ROUGE, LA
      70808

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued. You ( as defendant ) will have fifteen (15) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton, Louisiana, or retain an attorney of your choice to act in your behalf. If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

Witness the Honorable Judges of our said Court on this the 26th day of April, 2012

CYNTHIA J. JOHNSTON, CLERK OF COURT

(Deputy Clerk
Bossier Parish, Louisiana

Attorney:
Waters & Kraus, LLP
Landry & Swarr, LLC

---

## SERVICE INFORMATION

UNSERVED
PERSONAL      _____
DOMICILIARY   _____      GIVEN TO _____

DATE          _____
REMARKS       _____

                              FILED

                              MAY - 8 2012

DEPUTY SHERIFF _____          DEPUTY CLERK
                              28TH JUDICIAL DISTRICT COURT
                              BOSSIER PARISH, LOUISIANA

D1889872

## CITATION



| TINA C DAVIDSON ET AL | TWENTY-SIXTH JUDICIAL DISTRICT |
| VS | PARISH OF BOSSIER |
| ADVOCATE MINES LTD ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-138861 | |

TO:    CERTAINTEED CORPORATION
      THROUGH CT CORPORATION SYSTEM
      5615 CORPORATE BLVD., SUITE 400B
      BATON ROUGE, LA
      70808

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued. You ( as defendant ) will have fifteen (15) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton, Louisiana, or retain an attorney of your choice to act in your behalf. If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

Witness the Honorable Judges of our said Court on this the 26th day of April, 2012

CYNTHIA J. JOHNSTON, CLERK OF COURT

_____ Deputy Clerk
Bossier Parish, Louisiana

Attorney:
Waters & Kraus, LLP
Landry & Swarr, LLC

### SERVICE INFORMATION

UNSERVED
PERSONAL
DOMICILIARY    GIVEN TO _____

DATE
REMARKS

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

_____
DEPUTY SHERIFF

D1889880

# CITATION

| TINA C DAVIDSON ET AL | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| ADVOCATE MINES LTD ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-138861 | |

TO:    GEORGIA-PACIFIC LLC
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BESTWALL GYPSUM
COMPANY
THROUGH AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM, 5615
CORPORATE BLVD., SUITE 400B
BATON ROUGE,  LA
70808

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within fifteen (15) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued.  You ( as defendant ) will have fifteen (15) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton,  Louisiana, or retain an attorney of your choice to act in your behalf.  If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

Witness the Honorable Judges of our said Court on this the 26th day of April, 2012

CYNTHIA J. JOHNSTON, CLERK OF COURT

Deputy Clerk
Bossier Parish, Louisiana

Attorney:
Waters & Kraus, LLP
Landry & Swarr, LLC

---

## SERVICE INFORMATION

UNSERVED
PERSONAL
DOMICILIARY

GIVEN TO _____

DATE
REMARKS

MAY - 8 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

DEPUTY SHERIFF

# CITATION

D1889906   A TRUE COPY

| TINA C DAVIDSON ET AL | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| ADVOCATE MINES LTD ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-138861 | |

TO:   TAYLOR SEIDENBACH INC
      F/K/A TAYLOR-SEIDENBACH, INCORPORATED
      THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: ROBERT I.
      SHEPARD - 731 SOUTH SCOTT ST.
      NEW ORLEANS,  LA
      70119

in the Parish of ORLEANS.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within fifteen (15) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued.  You ( as defendant ) will have fifteen (15) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton,  Louisiana, or retain an attorney of your choice to act in your behalf.  If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

Witness the Honorable Judges of our said Court on this the 26th day of April, 2012

CYNTHIA J. JOHNSTON, CLERK OF COURT

LISA D. WHITTINGTON
_____
Deputy Clerk
Bossier Parish, Louisiana

Attorney:
Waters & Kraus, LLP
Landry & Swarr, LLC

A TRUE COPY ATTEST

_____
DEPUTY CLERK

FILED

MAY 14 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA



Marlin N. Gusman
Sheriff, Orleans Parish
421 Loyola Avenue
Room 403
New Orleans, LA 70112

Parish:   Bossier

Not Listed   Not Listed

Bar Roll Number: NOTLISTED

Case: (09)138861          TINA C DAVIDSON ETAL vs ADVOCATE MINES LTD ETAL

I HEREBY CERTIFY, that the Sheriff's fees due Marlin N. Gusman in the above case
amount to the following:

| Serial Number | Service Type | Return Charge |
|---|---|---|
| 1 | Citation & Petition | $20.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

May 10, 2012

Larry J Reeves
Deputy Sheriff

FILED

MAY 1 4 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

District



PUGH, ACCARDO,
HAAS, RADECKER,
CAREY & HYMEL LLC
A T T O R N E Y S   A T   L A W

1100 POYDRAS STREET, SUITE 3300
NEW ORLEANS, LOUISIANA 70163-1132
TEL.504.799.4500  FAX 504.799.4520
WWW.PUGH-LAW.COM

DOROTHY MUSSELMAN, Paralegal
Direct Line:  (504) 799-4541
dmusselman@pugh-law.com

May 17, 2012

Honorable Cynthia J. Johnston
CLERK OF COURT
ATTN: Civil Department
Parish of Bossier
P.O. Box 430
Benton, LA 71006

RE:     Tina Davidson, et al vs. Advocate Mines, Ltd., et al
        No. 138-861, Division B, 26th J.D.C., Bossier Parish
        Our File:  8888.0

Dear Madam:

    In the above captioned matter, enclosed please find an **Answer to Original Petition** and **Request for Notice** which we request that you file on behalf of **The J. Graves Insulation Company.**

    Our check in the amount of $50.00 is enclosed to cover filing fees and the return of a copy of the documents.

                                    Sincerely,

                                    Dorothy Musselman

                                    Dorothy W.  Musselman,
                                    Asbestos Litigation Paralegal

:dwm
Enclosure

Cc:     Susannah Chester-Schindler, Esq.
        Landry, Swarr & Cannella

FILED

MAY 21 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

26th JUDUCIAL DISTRICT COURT FOR THE PARISH OF BOSSIER

STATE OF LOUISIANA

NO. 738-861                                                          DIVISION "B"

TINA C. DAVIDSON, KATHRYN D. DAVIDSON,
AND KRISTEN M. DAVIDSON, INDIVIDUALLY AND ON
BEHALF OF THEIR DECEASED HUSBAND AND
FATHER, WILLIAM CLEVE DAVIDSON

VERSUS

ADVOCATE MINES, LTD., *ET AL*

FILED:_____

_____
DEPUTY CLERK

### ANSWER AND DEFENSES TO PLAINTIFF'S
### ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, The J. Graves Insulation Company, Inc. f/k/a Graves-Aber Insulation, ("J. Graves") who provides the following Answer and Defenses in response to plaintiffs' Original Petition for Damages ("Petition"), as follows:

Defendant reserves the right to adopt any and all Exceptions pled by any and all defendants herein.

AND NOW, responding to the individual paragraphs of the plaintiffs' Petition, J. Graves responds as follows:

1.

The allegations of paragraphs 1, 2 and 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein, except to admit that J. Graves is a domestic corporation and CT Corporation is the registered agent for service of process.

3.

The allegations of Paragraph 5 of the Petition are denied and defendant calls for strict

proof of allegations.

4.

The allegations of paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraphs 7, 8 and 9 of the Petition call for legal conclusions and do not require a response from defendant herein. To the extent that said allegations allege or imply negligence or fault on the part of defendant herein, same are specifically denied.

6.

The allegations of Paragraphs 10 through 15 of the Petition are denied and defendant calls for strict proof of allegations.

5.

The allegations of paragraph 16 of the Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraphs 17 of the Petition are denied and defendant calls for strict proof of allegations.

7.

The allegations of Paragraphs 18 through 25 do not call for a response of the defendant herein.  To the extent that said allegations allege or imply negligence or fault on the part of defendant herein, same are specifically denied.

8.

The allegations of Paragraphs 26 through 36 of the Petition are denied and defendant demands strict proof of allegations.

9.

The allegations of paragraph 37 of the Petition are denied for lack of sufficient information to justify a belief therein.

10.

With respect to plaintiffs' un-numbered paragraph containing a prayer for relief, J.

Graves denies that plaintiffs are entitled to any of the relief they are seeking or to any other relief.

11.

J. Graves reserves its right to request a trial by jury should plaintiffs waive the jury or not fulfill any procedural requirement to have this case tried by a jury.

## AFFIRMATIVE DEFENSES

12.

Further answering, defendant denies that any product used, distributed, allegedly manufactured, sold, and/or installed by J. Graves caused any damages to the plaintiffs' decedent.

13.

Further answering, defendant avers that plaintiffs' decedent did not use and was not exposed to any product distributed, allegedly manufactured, sold, and/or installed by J. Graves. Alternatively, defendant avers that if plaintiffs' decedent was exposed to any product distributed, allegedly manufactured, sold, and/or installed by J. Graves, that such exposure was insufficient to cause any injury or damage to plaintiffs' decedent.

14.

Further answering, defendant avers that some or all of the plaintiffs' claims are barred, in whole or in part, by prescription.

15.

Plaintiffs' claims are barred by the doctrine of *lis pendens.*

16.

Further answering, and in the alternative, defendant avers that if any injuries or illnesses were sustained by the plaintiffs' decedent, which is denied, then said injuries or illnesses resulted solely and exclusively from the negligence and/or fault of plaintiffs' decedent in the following non-exclusive particulars:

    a.    Failure to use safety devices such as masks and respirators for breathing while in the presence of dust-laden air;

    b.    Failure to request the use of such masks and respirators from his employers;

    c.    Failure to cease working in an environment of asbestos and/or silica dust-laden

air, knowing that he was working with asbestos-containing insulation products and that he was inhaling silica and/or asbestos fiber;

d.    Failure to cease working in an environment of chemicals, chemical fumes, welding fumes and/or other toxic substances, knowing that he was working with and around those substances and that he was inhaling the fumes of those substances;

e.    Failure to take routine precautions to ensure his own safety;

f.    Failure to act as a reasonably prudent person under the same or similar circumstances;

g.    Any and all other acts of negligence or fault as may be proven at the trial of this matter.

17.

Further answering, and in the alternative, and as a result of the aforementioned acts of negligence and/or fault committed by plaintiffs' decedent, defendant avers that plaintiffs' claims for damages should be completely barred or reduced by the percentage of fault attributable to plaintiffs' decedent.

18.

Further answering, defendant alternatively avers that plaintiffs' damages, if any, were caused by the fault and/or negligence of persons other than defendant, including plaintiffs' decedent's employers and specifically, by the products manufactured, supplied, sold or installed by others and/or by the cigarette smoking of plaintiffs' decedent, or others in his vicinity, or by exposure to other substances to be proved at trial, all of which fault constitutes comparative fault and/or comparative causation.

19.

J. Graves further avers that the plaintiffs' decedent failed to take reasonable steps to mitigate his damages.

20.

Further answering defendant alternatively avers that it is entitled to a set-off, reduction or credit for a pro rata virile share, for each of the defendants, named in the Petition or unnamed, whose products or conduct are shown to have caused plaintiffs' damages, and/or who may compromise their claims with the plaintiffs prior to trial, including all such parties named or unnamed, in bankruptcy or not, who are found to have caused or contributed to plaintiffs'

damages.

21.

Further answering, alternatively, defendant J. Graves invokes the defenses of the Louisiana Products Liability Act, codified at Louisiana R.S. 9:2800.54, 9:2800.56 and 9:2800.57, and avers that its purchasers and intended users knew or should have known of the characteristics of the products allegedly sold by defendant, and that J. Graves, as a non-manufacturer seller, did not and could not have known of defects or of any alternative design.

22.

Further answering, defendant J. Graves specifically avers that it owed no duty to warn its purchasers or any of the plaintiffs' decedent's alleged employers of the existence of defects, if any, in the products which it sold, and alternatively, J. Graves avers that its purchasers and/or plaintiffs' decedent's employers were sophisticated purchasers to whom no duty to warn was owed.

23.

Further answering, in the alternative, defendant denies that it is jointly and severally liable *in solido* with any other party, and deny that it is liable for the fault of any other party, named or unnamed.

24.

Further answering, and in the alternative, defendant affirmatively avers that the plaintiffs are not entitled to damages as there is no evidence that plaintiffs' decedent's injuries were in any way caused by alleged exposure to asbestos containing products allegedly manufactured or distributed by J. Graves during the course of plaintiffs' employment.

WHEREFORE, the premises considered, defendant, The J. Graves Insulation Company, Inc., prays that this Answer be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of The J. Graves Insulation Company, Inc., and against the plaintiffs, dismissing plaintiffs' petitions at plaintiffs' cost, and for all general and equitable relief.

Respectfully submitted,

(Signatures on Next Page)

PUGH, ACCARDO, HAAS, RADECKER,
 CAREY & HYMEL,  L.L.C.
1100 POYDRAS STREET, SUITE 3200
NEW ORLEANS, LOUISIANA  70163-1132
Telephone:  (504) 799-4500
Facsimile:  (504) 799-4520
E-Mail:     Asbestos@pugh-law.com

BY _____
      LAWRENCE G. PUGH (BAR # 17351)
      H. PHILIP RADECKER, JR. (BAR #17102)
      SHELLEY L. THOMPSON (BAR #30759)
      COUNSEL FOR J. GRAVES INSULATION COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on Plaintiffs'

counsel of record, by United States mail, and on all other known counsel by electronic mail, this

the _____ day of May, 2012.                _____

26th JUDUCIAL DISTRICT COURT FOR THE PARISH OF BOSSIER

STATE OF LOUISIANA

NO. 138-861                                              DIVISION "B"

TINA C. DAVIDSON, KATHRYN D. DAVIDSON,
AND KRISTEN M. DAVIDSON, INDIVIDUALLY AND ON
BEHALF OF THEIR DECEASED HUSBAND AND
FATHER, WILLIAM CLEVE DAVIDSON

VERSUS

ADVOCATE MINES, LTD., *ET AL*

FILED:_____          _____
                                              DEPUTY CLERK

### REQUEST FOR NOTICE

   **NOW INTO COURT,** through  undersigned counsel, comes defendant The J. Graves

Insulation Company, Inc., reserving unto itself all of its rights to file dilatory and declinatory

exceptions, and without waiving any such rights, hereby moves for written notice of judgment,

orders or other action of the trial court, and the setting or the date fixing for any conference, trial

or hearing on any exception, motion, rule, or trial on the merits, pursuant to Articles 1572, 1913,

and 1914 of the Louisiana Code of Civil Procedure, including immediate notice of interlocutory

and final orders and judgments on any exceptions, motions, rules or trials, in the above-captioned

matter.

                                Respectfully submitted,

                                PUGH, ACCARDO, HAAS,
                                 RADECKER & CAREY, L.L.C.
                                3200 ENERGY CENTRE
                                1100 POYDRAS STREET
                                NEW ORLEANS, LOUISIANA 70163-1132
                                Telephone:  (504) 799-4500
                                Facsimile:  (504) 799-4520
                                E-Mail:    Asbestos@pugh-law.com

                                BY _____
                                LAWRENCE G. PUGH (BAR #17351)
                                H. PHILIP RADECKER, JR. (BAR # 17102)
                                SHELLEY L. THOMPSON (BAR #30759)
                                COUNSEL FOR J. GRAVES INSULATION COMPANY,
                                INC.

FILED

MAY 21 2012

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon plaintiff's counsel by United States Mail and on all other known counsel by electronic mail this ___17th___ day of May, 2012