UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TINA DAVIDSON, ET AL                    CIVIL ACTION NO. 12-cv-1463

VERSUS                                  JUDGE STAGG

GEORGIA-PACIFIC, LLC, ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Georgia-Pacific, LLC, joined by other defendants, removed this case based on an assertion of diversity jurisdiction. The court has an independent duty to ensure the existence of subject-matter jurisdiction. It appears that Georgia-Pacific has properly alleged the citizenship of the individual plaintiffs and the various corporate defendants, but it does not appear that it has properly alleged its own citizenship. Georgia-Pacific alleges in Paragraph 7 of its Notice of Removal that it is a Delaware limited liability company with its principal place of business in Georgia.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009).

Georgia-Pacific will be allowed until **July 9, 2012** to file an **Amended Notice of Removal** and allege its citizenship in accordance with these rules.

The Notice of Removal does not allege with specificity the citizenship of defendants J Graves Insulation Company or Taylor-Seidenbach, Inc. They presumably share Louisiana citizenship with the plaintiffs; Georgia-Pacific alleges that the citizenship of those two defendants may be ignored pursuant to the improper joinder doctrine. This preliminary issue needs to be resolved early in the litigation. Accordingly, plaintiffs will be allowed until **July 19, 2012** to file any **Motion to Remand** that challenges the improper joinder plea. If plaintiffs do not file a motion to remand on those grounds by that date, they will be deemed to have waived any challenge to the improper joinder plea, and all claims against the two subject defendants will be dismissed. The court will then hold a scheduling conference if it is determined that there is subject-matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of June, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE