UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TINA DAVIDSON, ET AL                    CIVIL ACTION NO. 12-cv-1463

VERSUS                                  JUDGE STAGG

GEORGIA PACIFIC, LLC, ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

William Cleve Davidson filed suit in state court in Orleans Parish, Louisiana against numerous defendants. He alleged that he suffered from mesothelioma after being exposed to asbestos-containing products during his employment. That case was removed to federal court in the Eastern District of Louisiana. Mr. Davidson died in October 2011, but the case remains pending. The parties represent that it is set for trial on January 22, 2013.

In April 2012, Tina, Kathryn, and Kristen Davidson ("Plaintiffs") filed this lawsuit in Bossier Parish setting forth a survival and wrongful death action. Plaintiffs allege that they are the surviving widow and children of Mr. Davidson. One of the defendants, Georgia-Pacific, LLC, filed a Notice of Removal on the basis of diversity of citizenship. In the Notice of Removal, Georgia-Pacific alleged that two of the defendants, the J. Graves Insulation Company, f/k/a Graves-Aber Insulation Company, Inc. ("Graves") and Taylor-Seidenbach, Inc. ("Taylor") were improperly joined in the lawsuit to defeat diversity jurisdiction. Both Graves and Taylor, like the Plaintiffs, are Louisiana citizens.

**Plaintiffs' Motion to Remand**

Before the court is Plaintiffs' Motion to Remand (Doc. 15). Plaintiffs argue they have a reasonable possibility of recovery against Graves and Taylor, so those defendants have not been improperly joined. Georgia-Pacific strenuously disputes Plaintiffs' conclusion. Georgia-Pacific points out that in the extensive discovery conducted in the Orleans Parish case, Mr. Davidson never mentioned Graves or Taylor as a source of his asbestos exposure.

**Law and Analysis**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has since adopted the term "improper joinder" to describe the doctrine, but there is no substantive difference between the two terms. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Only the second way is at issue in this case. That second test asks whether the defendant has demonstrated there is no reasonable basis for the district

court to predict the plaintiff might be able to recover against the in-state defendant. Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. Smallwood, 385 F.3d at 573. The second setting for the "no reasonable basis" contest permits the defendant to challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. The court has discretion in those circumstance to pierce the pleadings and analyze the improper joinder claim based on that evidence. Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 542 (5th Cir. 2004).

**The Petition**

Georgia-Pacific does not challenge whether Plaintiffs have alleged an actionable claim against Graves or Taylor in the Petition. Instead, Georgia-Pacific invites the court to pierce the pleadings and conduct a summary judgment-type inquiry to determine whether joinder of Graves and Taylor was proper. The court will, for background, briefly summarize the allegations of the Petition.

Plaintiffs allege that Mr. Davidson was routinely exposed to asbestos and asbestos-containing products from approximately 1958 through 1978. This includes work performed by Mr. Davidson when he was a child and adolescent and worked for his grandfather's

business, Atlas Sheet Metal Works out of Bossier City, Louisiana. Petition, Par. 10. Plaintiffs allege that Mr. Davidson also was exposed to asbestos while working for Hutches-Davidson Roofing & Universal Heating and Air of Shreveport, Louisiana, where he was a roofer and sheet metal worker. In addition to other various locations of alleged exposure, Plaintiffs allege that Mr. Davidson received bystander exposure to asbestos-containing insulation while employed by Poulan Chainsaw from approximately 1972 to 1978.

Plaintiffs then assert specific claims against the various defendants. Count one includes allegations of strict liability, product liability, and negligence against the Manufacturing Defendants. These Defendants are alleged to have engaged in the mining, processing, manufacturing, sale, design, installation, removal, and/or distribution of asbestos or asbestos-containing products. Petition, Par. 18. Count two includes allegations of strict liability, product liability, and negligence against the Supplier Defendants. These Defendants sold, distributed, and supplied asbestos and asbestos-containing products. Petition, Par. 23. In Count three, Plaintiffs assert negligence and other allegations, including failure to warn of the dangers of exposure to asbestos, against the Contractor Defendants. These Defendants are alleged to have produced, designed, sold, installed, removed, or otherwise put into the stream of commerce, asbestos and asbestos-containing products. [Exhibit A to the Petition identified Graves and Taylor as Contractor Defendants.] In Count four, Plaintiffs allege strict liability, product liability, and negligence actions against all Defendants. Finally, in Count five, Plaintiffs allege that Defendants conspired amongst themselves to cause Mr. Davidson's

injuries by exposing him to harmful and dangerous asbestos and asbestos-containing products.

**Piercing the Pleadings**

Smallwood states that a Rule 12(b)(6) inquiry should ordinarily resolve whether there has been improper joinder, but "there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." Smallwood, 385 F.3d at 573. In such cases, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id.

The Court cautioned that a summary inquiry is appropriate only to identify the presence of "discrete and undisputed facts" that would preclude recovery against the in-state defendant, and the piercing of the pleadings should not entail substantial hearings. Smallwood, 385 F.3d at 573-74. The Court provided examples of the type of inquiry that is appropriate: "For example, the in-state doctor defendant did not treat the plaintiff, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that can easily be disproved if not true. Id., 385 F.3d at 574 n.12, citing Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).

The parties have submitted substantial competing evidence for the court's consideration. Plaintiffs point to a portion of Mr. Davidson's deposition where he stated "it's very possible" that he was exposed to asbestos or asbestos-containing products when he worked for Poulan between 1972 and 1979. Doc. 15-4, Deposition, p. 130. Plaintiffs also submitted the affidavit of Susannah Chester-Schindler, one of Plaintiffs' attorneys, who

testified that, based on her work in other asbestos cases, Graves and Taylor were the primary insulation contractors operating in northwest Louisiana during the 1960s and 1970s. She further testifies that Graves was actually headquartered in Shreveport, where Poulan Chainsaw was located and where Mr. Davidson worked. Ms. Chester-Schindler concludes that, to the extent Mr. Davidson was exposed to asbestos insulation at Poulan Chainsaw, the insulation was more likely than not supplied, installed, and repaired by Graves and Taylor. Doc. 15-3.

Georgia-Pacific's evidence in support of its improper joinder argument is voluminous. Attached to Georgia-Pacific's opposition are 18 exhibits consisting of 1,136 pages. Georgia-Pacific argues that the substantial discovery conducted in the Orleans Parish lawsuit, which includes five days of deposition testimony of Mr. Davidson, depositions of his co-workers, and written discovery responses, revealed that not once was there any mention of Graves or Taylor. Georgia-Pacific argues that Mr. Davidson was not able to identify any insulation products, insulation suppliers, or insulation contractors related to his work at Poulan Chainsaw. Georgia-Pacific refers to Ms. Chester-Schindler's affidavit regarding Taylor and Graves work in northwest Louisiana as speculative, unsubstantiated, and bereft of any evidentiary value. Georgia-Pacific does not, however, submit any affidavits or evidence from Graves or Taylor (or an appropriate representative, employee, or former employee) stating flatly that neither company was doing business in this area at that time or that neither company provided insulation, asbestos or asbestos-containing materials to Poulan Chainsaw.

The competing evidence submitted in this case plainly goes far beyond the limited type of inquiry permitted by the Fifth Circuit. Georgia-Pacific has attempted to base its improper joinder plea on a full-blown summary judgment or trial-type contest, which is inappropriate. Going beyond the very limited summary process discussed above "carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." Smallwood, 385 F.3d at 574.

Smallwood emphasizes that the improper joinder inquiry is to be limited, and "the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." 385 F.3d at 573. The undersigned finds, based on the considerations discussed above, that the best exercise of the court's discretion is to not pierce the pleadings. To do so would require a fact-finding exercise that would go well beyond the summary inquiry into discrete and undisputed facts that may have been omitted or misstated by Plaintiffs. The court has declined similar invitations to wade into a battle on the merits under the guise of a jurisdictional inquiry.[1] In any event, any contested issues of fact must be

---

[1] See, e.g., Conner v. Kraemer-Shows Oilfield Services, LLC, --- F.Supp.2d ----, 2012 WL 2839452 (W.D. La. 2012) (parties submitted competing evidence on whether employer committed an intentional tort); Daniels v. Tauren Exploration, Inc., 2009 WL 3188463 (W.D.La.2009) (defendants urged the court to pierce the pleadings and decide whether certain drilling operations extended the term of a lease held by the one of the 24 plaintiffs who was not diverse); and McFarland v. Smith & Nephew, Inc., 11–cv–1615 (W.D. La.) (parties offered competing evidence regarding the ultimate question of liability in a medical products case).

resolved in the plaintiffs' favor in an improper joinder analysis. Cuevais v. BAC Home Loans Servicing, 648 Fd. 3d 242, 249 (5th Cir. 2011).

Furthermore, the fact that Mr. Davidson himself in his deposition did not recall any asbestos exposure while at Poulan Chainsaw is not dispositive. See Tycz v. Asbeka Industries of New York, 12-cv-284S (attached to Doc. 22 as Exhibit A). In that case, the court remanded a mesothelioma case to state court even though the plaintiff failed to identify the non-diverse defendants in his interrogatory responses. The court found that plaintiff was not required to have personal knowledge of the manufacturers, suppliers, and/or distributors of the parts of an oven that he used in the course of his employment. See also Sherman v. A.J. Pegno Construction Company, 528 F.Supp. 2d 320, 329 (S.D. N.Y. 2007) ("District courts in this circuit have uniformly found that, in the context of asbestos personal injury actions removed to federal court, the plaintiffs' broad claims as against alleged manufacturers and distributors of asbestos-containing products are sufficient to withstand a fraudulent joinder motion.").

**Conclusion**

The factual dispute reflected in this record is not appropriate for piercing the pleadings under Smallwood. That leaves the court with the Rule 12(b)(6)-type analysis: Whether there is a reasonable basis to predict that Plaintiffs might be able to recover against the non-diverse defendants. Georiga-Pacific has not pressed that argument. Nevertheless, the court finds that Plaintiffs' allegations are sufficient to state a claim and overcome an exception of no cause of action in state court. Accordingly, Defendant's argument that Graves and Taylor were

improperly joined is rejected. The Motion to Remand is **granted**, and subject to the stay in the attached order, this matter is **remanded** to the 26th Judicial District Court in Bossier Parish, Louisiana, where it was pending as Case No. 138861, Division B.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2012.

                                           MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE