U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

FEB 28 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

TINA DAVIDSON, ET AL.

versus

GEORGIA PACIFIC LLC, ET AL.

CIVIL ACTION NO. 12-1463

JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court are three motions for partial summary judgment, one filed by defendant Union Carbide Corporation ("Union Carbide"), another filed by defendants CertainTeed Corporation ("CertainTeed") and Beazer East, Inc. ("Beazer"), and the third filed by defendant Georgia-Pacific LLC ("Georgia-Pacific").[1] See Record Documents 77, 79, and 81. Each of the motions seeks to dismiss the plaintiffs' survival cause of action. For the reasons stated herein, the defendants' motions are **GRANTED.**

---

[1] For purposes of this memorandum ruling, the court will refer to Union Carbide, CertainTeed, Beazer, and Georgia-Pacific collectively as "the defendants."

## I. BACKGROUND

William Cleve Davidson ("Davidson" or "the decedent") was diagnosed with malignant mesothelioma on March 25, 2010. On May 20, 2010, Davidson filed a lawsuit ("Davidson I") in state court in Orleans Parish, Louisiana, against multiple manufacturers and suppliers of asbestos-containing products to which he believed he was exposed during his employment. See Record Document 93, Ex. 3. A notice of removal was filed in Davidson I on April 29, 2011, in the Eastern District of Louisiana. See id., Ex. 4. Davidson I was conditionally transferred into In re: Asbestos Products Liability Litigation (No. VI), M.D.L. 875 in the Eastern District of Pennsylvania ("MDL") on May 4, 2011. See id., Ex. 5. The case was ultimately remanded to the Eastern District of Louisiana on December 7, 2011. See id., Ex. 7. Davidson died as a result of his mesothelioma on October 30, 2011, prior to the remand. A scheduling conference was held in Davidson I on March 6, 2012. The court allowed for amendments to pleadings to be filed for sixty days following the pre-trial conference. See Record Document 77, Ex. C.

On April 26, 2012, while Davidson I was still pending in the Eastern District of Louisiana, Tina Davidson, Kristen Davidson, and Kathryn Davidson (collectively "the plaintiffs")—the decedent's wife and step-daughters—filed the instant lawsuit ("Davidson II") in state court in Bossier Parish, Louisiana. See Record Document 97,

Ex. 8. Davidson II raises a survival claim on behalf of the decedent and wrongful death claims on behalf of the plaintiffs. Georgia-Pacific filed a notice of removal in Davidson II on June 1, 2012, seeking to remove the case to this court. An amended notice of removal was filed on July 6, 2012. See Record Documents 1 and 10. On July 29, 2012, the plaintiffs filed a motion to remand, which was granted by the magistrate judge on September 25, 2012. See Record Documents 15 and 27.

On September 24, 2012, before the magistrate judge granted their motion to remand in Davidson II, a motion to dismiss without prejudice was filed in Davidson I. See Record Document 77, Ex. D. The motion was granted and all claims in Davidson I were dismissed without prejudice on October 30, 2012. See id., Ex. E. On October 10, 2012, while the motion to dismiss in Davidson I was pending, Georgia-Pacific and CertainTeed appealed the magistrate judge's order remanding Davidson II to state court. See Record Documents 30 and 31. The undersigned reversed the magistrate judge's decision on April 24, 2013, dismissing the plaintiffs' claims against non-diverse defendants and keeping Davidson II before this court. See Record Documents 39 and 40.

Thereafter, the defendants filed three separate motions for partial summary judgment. Each of the motions seeks to have the plaintiffs' survival cause of action dismissed on the basis of prescription. See Record Documents 77, 79, and 81. The

3

plaintiffs have opposed these motions. See Record Documents 93, 97, and 99.

## II. LAW AND ANALYSIS

**A.  Partial Summary Judgment Standard.**

Federal Rule of Civil Procedure 56(a) provides, in pertinent part:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).[2] "A partial summary judgment order . . . is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." F.D.I.C. v. Massingill, 24 F.3d 768, 774 (5th Cir. 1994). Partial summary judgment serves the purposes of narrowing, simplifying, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

---

[2] The Advisory Committee Notes reflect that subsection (a)'s heading and text were amended in 2010 to clarify that "summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56(a) and Advisory Committee Notes.

that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.  Prescription.**

Delictual actions, which include survival claims, are subject to a one-year liberative prescription ("prescription") period under Louisiana law. See La. Civ. Code art. 3492. Prescription runs against all persons unless legislation establishes otherwise. See La. Civ. Code art. 3467. Prescription statutes are to be construed against a finding of prescription. See Wimberly v. Gatch, 635 So. 2d 206, 211 (La. 1994). Generally, the party arguing a claim is prescribed bears the burden of proof. See Carter v. Haygood, 892 So. 2d 1261, 1267 (La. 2005). However, if it appears

5

from the face of the petition that a claim is prescribed, then the burden is on the plaintiff to show why the claim is not prescribed. See id.

One means for a plaintiff to avoid dismissal is to show that prescription was interrupted. Interrupting prescription effectively restarts the prescriptive clock from zero. See La. Civ. Code art. 3466. Prescription is interrupted when a lawsuit is filed in a court of competent jurisdiction and venue. See La. Civ. Code art. 3462. The interruptions lasts as long as the suit is pending. See La. Civ. Code art. 3463. However, interruption of prescription "is considered never to have occurred if the plaintiff . . . voluntarily dismisses the action at any time[.]" Id.

C.  **Survival Cause Of Action.**

When a person dies as the result of a tortious act, Louisiana law allows particular persons to bring a survival action. See La. Civ. Code art. 2315.1. A survival action is distinct from a wrongful death action in that the former is brought to recover damages suffered by the decedent prior to his death whereas the latter is brought to recover damages suffered by statutorily designated persons as a result of his death. See Taylor v. Giddens, 618 So. 2d 834, 840 (La. 1993). Moreover, a survival action arises at the moment the injury occurs, even if the victim does not immediately die, while a wrongful death action arises only after the victim dies. See id. The survival action is merely a derivative action arising from the decedent's

actionable claim. Therefore, if the decedent's right to bring a claim prescribes before he dies, a survival action cannot be brought. See id.; In re Brewer, 934 So. 2d 823, 827 (La. App. 1st Cir. 2006)("The [survival] action is dependent on the victim having a viable . . . action on the date of death."); Richardson v. Avondale Shipyards, Inc., 600 So. 2d 801, 803 (La. App. 5th Cir. 1992)("Where the right prescribed prior to the deceased's death, however, it cannot be inherited because it does not exist."); Carter v. R.J. Reynolds Tobacco Co., No. 03-330, 2004 WL 1497770 at *2 (E.D. La. July 1, 2004)("Louisiana courts have consistently held that a decedent needs a viable cause of action on the date of her death for a survival action to exist."). Assuming the decedent had an actionable claim at the time he died, a survival action can be brought up to one year after the decedent's death. See La. Civ. Code art. 2315.1.

D.    **Has The Plaintiffs' Survival Cause Of Action Prescribed?**

The initial question is whether the plaintiffs' survival action appears to be prescribed from the face of the petition. The plaintiffs' survival action arises from Davidson contracting malignant mesothelioma, purportedly from exposure to asbestos during his employment. See Record Document 1, Ex. A. "An asbestos related action is subject to a liberative prescription [period] of one year." Scott v. Metro. Life Ins. Co., 709 So. 2d 223, 224 (La. App. 4th Cir. 1998). The one-year prescriptive period begins, at the latest, when a person is diagnosed with an asbestos-related disease. See

7

id. at 225. The plaintiffs' petition states that Davidson was diagnosed with mesothelioma on or about March 25, 2010. See Record Document 1, Ex. A. at ¶ 15. Additionally, the plaintiffs' petition states that Davidson died on October 30, 2011. See id., Ex. A at ¶ 17. The instant lawsuit was filed on April 26, 2012. See id., Ex. A. The plaintiffs' petition further states that Davidson filed a lawsuit within the prescriptive deadline. See id., Ex. A at ¶ 16. Therefore, the plaintiffs' survival claim is not prescribed on the face of the petition because the decedent had a viable cause of action at the time of his death and the survival action was filed within one year of the decedent's death.

Because the plaintiffs' survival claim is not prescribed on the face of the petition, the defendants bear the burden of proving the claim is prescribed. See Carter, 892 So. 2d at 1267. The ultimate question is whether Davidson I, which Davidson filed less than a year after he was diagnosed with mesothelioma but was voluntarily dismissed, can be counted as interrupting prescription. The defendants, relying on Article 3463 of the Louisiana Civil Code and Sims v. American Insurance Company, 101 So. 3d 1 (La. 2012), contend that Davidson I cannot be counted as interrupting prescription because it was voluntarily dismissed. The plaintiffs argue that the defendants' reliance on Sims is misplaced and that Article 3463 does not apply because Davidson died before Davidson I was dismissed and he therefore could

not have been the one to dismiss it.

The facts in Sims are nearly identical to those of the instant case. In Sims, John Sims ("John") and his wife filed suit in state court against John's former employer, Dow Chemical Company, alleging John's brain cancer was caused by workplace exposure. This first suit ("Sims I") was removed to federal court. John died on October 1, 2008, and Jo Ann Sims ("Jo Ann") and Brent Sims ("Brent") were substituted as plaintiffs in Sims I. On October 2, 2009, while Sims I was pending, Jo Ann and Brent filed a second lawsuit ("Sims II") in state court bringing wrongful death and survival actions against essentially the same defendants named in Sims I. Sims I was subsequently voluntarily dismissed by Jo Ann and Brent pursuant to Federal Rule of Civil Procedure 41(a). The defendants in Sims II filed an exception of prescription, and the question before the court was whether Sims I interrupted prescription under Article 3643 so as to make Sims II timely. See Sims, 101 So. 3d at 2-3.

The plaintiffs in Sims II argued that Sims I interrupted prescription because Sims I was pending when Sims II was filed. Additionally, the plaintiffs argued that because Sims I was dismissed with prejudice, it was not a voluntary dismissal within the scope of Article 3643. See id. at 4. The court rejected the first argument, holding the plain language of Article 3643 made clear that voluntarily dismissing the first

9

lawsuit "at any time," even after the second lawsuit is filed, revokes any interruption of prescription the first lawsuit effected. See id. at 6. As for the second argument, the court found the dismissal of Sims I with prejudice constituted a voluntary dismissal under Article 3643, holding "there is no provision under Louisiana law wherein a dismissal with prejudice cannot be considered a voluntary dismissal." Id. at 7. Therefore, the court held that the plaintiffs' suit was properly dismissed by the trial court because it had prescribed. See id. at 8. With the exceptions of the plaintiffs not being formally substituted into Davidson I and that Davidson II was filed within one year of Davidson's death, the facts of the instant case are identical to those of Sims. The defendants contend that this court should similarly conclude that Davidson I was voluntarily dismissed and thus, under Article 3463, cannot be considered as having interrupted prescription.

The plaintiffs claim that Sims is distinguishable because the plaintiffs in Sims did not file their survival action within one year of the decedent's death. However, the plaintiffs ignore the fact that a survival action does not exist if the decedent did not have an actionable claim at the time he died. See Taylor, 618 So. 2d at 840; In re Brewer, 934 So. at 827; Richardson, 600 So. 2d at 803; Carter, 2004 WL 1497770 at *2. Thus, if the dismissal of Davidson I after Davidson's death removed any interruption of prescription, then Davidson's claim prescribed before his death and

10

the plaintiffs had no right to bring a survival action, making the timing of <u>Davidson II</u> irrelevant.

The plaintiffs contend that neither they nor Davidson can be considered as having dismissed <u>Davidson I</u>. Specifically, they claim that Davidson could not have dismissed <u>Davidson I</u> because he was dead and they could not have dismissed the suit because they were never substituted as plaintiffs therein. The plaintiffs characterize the motion to dismiss as a "mere exercise in docket management" to remove <u>Davidson I</u> from the court's docket due to a lack of a living plaintiff. See Record Document 93 at 7. Consequently, the plaintiffs argue the dismissal of <u>Davidson I</u> was not a dismissal under Article 1671 of the Louisiana Code of Civil Procedure, in which case Article 3463 does not apply, and therefore <u>Davidson II</u> is clearly not prescribed.

This argument does not persuade the court. Under the Louisiana Code of Civil Procedure, when Davidson died, the plaintiffs herein became his legal successors, giving them the right to substitute themselves as plaintiffs in <u>Davidson I</u>. See La. Code Civ. Proc. art. 801; La. Civ. Code art. 2315.1. The motion to dismiss in <u>Davidson I</u> was filed by Davidson's attorneys—the same attorneys representing the plaintiffs in <u>Davidson II</u>—pursuant to Federal Rule of Civil Procedure 41(a), which explicitly pertains to voluntary dismissal by the plaintiff. See Record Document 77, Ex. D; Fed. R. Civ. P. 41(a). Moreover, the motion was unquestionably filed on

Davidson's behalf. See Record Document 77, Ex. D ("**NOW INTO COURT**, through undersigned counsel, comes Plaintiff who moves this Court for an order dismissing any and all claims of Plaintiff . . . without prejudice . . . .")(emphasis in original). The motion was presumably filed with authorization either from Davidson before he died or from his legal successors, the plaintiffs herein. See Police Jury of Tangipahoa Parish v. Begnaud, 9 So. 2d 399, 401 (La. 1942)("It is not to be presumed that an attorney at law who appears in court as the representative of a client is acting without authority.").

The court finds that the dismissal of Davidson I was a voluntary dismissal without prejudice. As the plain language of Article 3463 states, if a lawsuit that interrupts prescription is voluntarily dismissed, the interruption is considered to have never occurred. Therefore, Davidson's claim prescribed one year after he was diagnosed with mesothelioma, on March 26, 2011. Because Davidson did not have an actionable claim when he died on October 30, 2011, the plaintiffs have no right to bring a survival action and the instant case, Davidson II, is prescribed.

### III. CONCLUSION

For the foregoing reasons, the defendants' motions for partial summary judgment are **GRANTED**.

An order consistent with the terms of this Memorandum Ruling shall issue

herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 28 day of Feb, 2014.

_____
for JUDGE TOM STAGG